## Roth's Appeal.

1. Where on its face a writ of attachment embraces nothing but the defendant's interest, or his· distributive share in the personal assets in an administrator's hands, and the return of service shows no attachment of lands or interest therein, and it was admitted the administrator was not in possession of the land, the writ and service do not bind the defendant's interest in the real estate of the decedent. .

2. Per TRUNKEY, J.—"The Statutes of June 13th 1836, June 16th 1836, April 13th 1843 and April 10th 1849, have not confounded legacies and · devises, nor the respective interests of one in the realty and personalty of an intestate, but have made each and all liable to attachment upon execution in satisfaction of a judgment. 'Legacies given' and 'lands devised' are artistic phrases meaning different things, and neither includes the other. And so an interest in the goods and chattels of an intestate is quite different from an interest in his lands."

3. Stradley's Appeal, 7 Wright 89, and Neely v. Grantham, 8 P. F. Smith 433, reviewed.

March 29th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. .GREEN, J., absent.

Appeal from the Court of Common Pleas of *Northampton county:* ' Of July Term 1879, Nos. 75.

Appeal of Jeremiah Roth, trustee for Barbara Harwi, from the decree of the court confirming the report of the commissioner appointed to distribute the fund arising ·from a sheriff's sale of the interest of Jacob Harwi, Jr., in the real estate of his father, Jacob Harwi, Sr.

The commissioner, Richard Brodhead, Esq., found the facts substantially as follows : Jacob Harwi, Jr., the defendant, made a general assignment in the beginning of May 1877 for the benefit of his creditors. The judgment docket in Northampton county stood,. at the time of the assignment, against Jacob .Harwi, Jr., as follows :

| Name. | No. Term. | Entry. | Amount. |
|---|---|---|---|
| Samuel Riegel, | 556 Sept. T. 1875. | Nov. 29th 1875 | $4500 |
| Jeremiah Dundore, | 392 Apr. T. 1876 | May 5th 1876 | 900 |

The real debt due Reigel was $2050 and interest from April 1st 1874, and the real debt due Dundore was $900 and interest from May 15th 1876. ' The said assigned real estate was duly . sold by the assignee, but the judgment-creditors above were not reached.

Jacob Harwi, Sr., father of Jacob Harwi., Jr., died in November 1877, intestate, leaving certain real estate in Northampton county, to wit: three farms of 75, 94 and 77 acres respectively, all occupied by tenants who farmed them on shares, and personal estate ,amounting to $16,000. The defendant, Jacob Harwi, Jr., was one of eight children of the said Jacob Harwi, Sr.   John

[Roth's Appeal.]

Harwi, one of said sons, in January 1878, took out letters of administration.  On January 7th 1878, Samuel Riegel and Jeremiah Dundore issued writs of attachment-execution, Nos. 54 and 55, February Term 1878, upon their judgments in Northampton county.  The præcipe of Riegel reads as follows : " Issue writ of attachment directed to the sheriff of Northampton county, commanding him to attach all moneys, property, legacies or right, title and interest of defendant in the hands of John Harwi, administrator of Jacob Harwi, Sr., deceased, and summon him as garnishee." The præcipe for the second attachment of Dundore is in the same words, except "and summon said John Harwi, adm'r, as garnishee."  The writ in each case commands the sheriff to attach all the goods and chattels, debts, credits, effects, legacies, distributive shares, sum or sums of money of him, the defendant, in the hands, possession or custody of said John Harwi, administrator of Jacob Harwi, Sr., deceased.

The writ was served in each case on January 7th 1878, and return made by the sheriff, as follows, to wit : "Attached as within commanded, all the goods and chattels, debts, credits, effects, legacies, distributive shares of the defendant, Jacob Harwi, Jr., in the hands, possession or custody of John Harwi, administrator of Jacob Harwi, Sr., deceased, and summoned him as garnishee, by giving him a true and attested copy of this writ, personally, on February 7th 1878."

Both the above judgments were transferred to Lehigh county January 22d 1878, and the same day attachments were issued to attach the interest of the defendant, Jacob Harwi, Jr., in the estate of his father, Jacob Harwi, Sr., in the administrator's hands.  To these writs the sheriff made return Jan. 23d 1878.  The præcipes with returns were substantially the same as in Northampton county.

Interrogatories to John Harwi, administrator, were duly filed in Lehigh county, in the cases of Riegel and Dundore, which were served March 23d 1878, and answers filed by the administrator, wherein it appeared that the defendant, Jacob Harwi, was entitled to a distributive share in the estate, real and personal, of Jacob Hawri, Sr., deceased.

On the 27th of February 1878, Jacob Harwi, Jr., confessed judgment to Jeremiah Roth, in trust for Barbara Harwi, for the amount of $8600, which was duly entered in the Common Pleas of Northampton county, as of No. 269, February Term 1878, and on which judgment an attachment execution was issued March 4th 1878, of No. 54, April Term 1878.

Jeremiah Roth, trustee, &c., thereupon issued a fi. fa. to April Term 1878, and a vend. ex., under which the interest of Jacob Harwi, Jr., was sold August 17th 1878, for $1800, to the plaintiff in the writ, and the fund, less the costs, was ruled into court for distribution.

[Roth's Appeal.]

The fund was claimed by Riegel and Dundore, by virtue of the liens created upon the interest of the defendant in the estate, both real and personal, of his father, Jacob Hawri, Sr., by the said attachment executions issued under the act of April 13th 1843, upon the judgments, in manner stated.

This claim was resisted and the fund claimed by Jeremiah Roth, trustee, for the reason that the præcipes, writs and sheriff's return were not in accordance with the mode of procedure set forth in the said act, in that they did not specifically describe the real estate in which the interest of the defendant was sold under the subsequent judgment of the plaintiff, and, further, that the said attachment executions are invalid against the said judgment-creditor, Jeremiah Roth, trustee, because the requirements of the Acts of Assembly have not been complied with.

In a supplemental report the commissioner found the following facts: That the personal estate of the decedent, Jacob Harwi, Sr., was more than sufficient to pay his debts; that the occupants of the realty of the decedent's estate were not served with process under the attachments; that the sheriff omitted to file a description of the realty alleged to have been attached within five days after service of the writ; that the judgment index did not show that the attachments were liens on the realty.

The commissioner allowed the claims of Riegel and Dundore, and awarded to them the fund in court. Roth excepted and the court, Meyers, P. J., on the authority of Straley's Appeal, 7 Wright 90, and Neely *v.* Grantham, 8 P. F. Smith 433, overruled the exceptions and confirmed the report. From this decree Roth took this appeal.

*Edward Harvey* and *M. C. Kline,* for appellant.—The real estate was not in the possession or occupancy of the administrator. The occupants were not served with process under the attachments. No description of the realty was filed. And no real estate was attached or described in the return; and no reference to realty was to be found in the judgment index. The Act of 1843 merely enlarged the writ of attachment in execution so as to include legacies, lands or interest in real or personal estate while they are in the hands or possession of some one other than the defendant.

An analysis of the several acts will clearly show that it is necessary to issue the writ against the legacies, lands or interest in real or personal estate held for the defendant by some one, whether he be executor, administrator or some one else; that person holding or occupying the thing attached must be summoned as garnishee; he must, of necessity, hold the thing attached for the use of or under the defendant in the judgment; if lands be attached, it is essential that the person holding them or occupying them be made the garnishee; that they be levied on and return thereof made by

the attaching officer; that a description of them be made and filed with the prothonotary whose duty it is to enter it in the judgment index; and if no occupant is found or no one holding the possession or having in his hands the thing attached, then publication must be made. It is a proceeding *quasi in rem.* in which the thing, against which the process is directed, must be levied upon.

In Kase *v.* Kase, 10 Casey 130, it is said: "It is an execution against the effects of the defendant in the hands of the garnishee, rather than action against the garnishee." Accordingly, the property must be actually or potentially within the custody, possession or control of the garnishee. He must have the possession of it.

It is admitted that the personal estate is more than sufficient to discharge all debts. "Lands are assets for the payment of debts in Pennsylvania, but they are only so when the personal estate is insufficient for that purpose. In the meantime, and until the administrator takes the proper steps to make the lands of the deceased available for that purpose, they descend to the heir, who is entitled to the rents and profits." Per COULTER, J., in Bishop's Estate, 10 Barr 471. The administrator had no interest or possession, actual or possible, in the undivided one-eighth interest of Jacob Harwi, Jr., in the lands of his father. If he had no such interest—if he was not holding the lands for or under the defendant—if he was a stranger to his title and to his possession, then no lien was acquired on the land under the attachment. And if no lien was acquired, the appellant was entitled to the fund in court.

But this is not the only ground upon which we ask that the decree be reversed. The law contemplates that more must be done than merely issue the attachment. If it is proposed to acquire a lien on real estate, the writ must be served on the party in possession; it must be levied upon by metes and bounds; it must be returned as levied upon; the process must issue in the county wherein the lands are situate; a description of the property must be filed with the prothonotary, within five days, and that officer must note it in the judgment index.

Land is not mentioned either in the writ or the return. In order to attach real estate, the prescribed form of serving the writ must be strictly pursued: Hayes *v.* Gillespie, 11 Casey 156. The first thing is to seize the property, the next the person in whose hands it is found: Lambert *v.* Challis, 11 Casey 156. The return on its face must show a legal service: Lehigh Valley Ins. Co. *v.* Fuller, 31 P. F. Smith 398. In Straley's Appeal, relied upon by the court, the land was within the actual control of the administrator, and the personalty was insufficient to pay the debts. In Neely *v.* Grantham, 8 P. F. Smith 433, there was a conversion, and the court was not unanimous.

[Roth's Appeal.]

*W. E. Doster* and *B. F. Fackenthall,* for appellees.—In point
of time there is no dispute as to our priority. The question there-
fore is, were the attachments of Riegel and Dundore liens upon
the defendant's interest in his deceased father's real estate. It is
objected that they are not, because the attachments do not specially
describe or refer to land or interest in land, as the subject of the
attachment. We contend that such a description or reference is
not necessary in a case like this where the interest of the defend-
ant in the estate of a deceased person is sought to be charged. If
the subject of the attachment were the specific land of a living per-
son, being the defendant in a judgment, the case would be different.
In the Foreign Attachment Act 27th July 1842, sect. 1, 1 Purd.
Dig. 717, pl. 5, this new subject of attachment is described as fol-
lows : " All legacies given and lands devised to any persons or
persons, by will or testament, and any interest which any person
or persons may have in the real or personal estate of any decedent
whether by will or otherwise," &c., &c. Three things are, de-
scribed, viz. : (1) Legacies (2) lands devised (both of these are in
cases of wills), and (3) any interest in the real or personal estate
of any decedent. As Jacob Harwi died intestate the subject-matter
which we claim to have attached is " any interest" of Jacob Harwi,
Jr., " in the estate, real or personal," of a person who died intestate.
The foregoing act makes such an interest amenable to process
of foreign attachment. A similar state of things is found in the
legislation in relation to attachments in execution. The original
act was passed in 1835 (1 Purd. Dig. 639, *et seq.*), but the act
which made this new species of property right the subject of such
attachment was not passed till April 1843 : 1 Purd. Dig. 640, pl.
37. With a few trifling verbal differences the language is the
same as in the foreign attachment act, viz. : " And any interest
which any person or persons may have in real or personal estate
of any decedent, by will or otherwise, which are subject to foreign
attachment by the Act of 27th July 1842," &c.

The subject-matter of the attachment is thus made practically
the same in both classes of attachment. The interest which a per-
son has or may have in a decedent's estate is not any defined and
specific property. It is not so many acres of land, or such and
such articles of personal property. It may not amount to any-
thing at all, because all the property of the decedent may be
required for payment of his debts, or all of the personal property
and a part of the real estate may be thus required, and in such a
case the interest in question would be nothing more than the share
of the party in the money which is left after all the debts of the
decedent and expenses of the administration are paid. It is
entirely analogous to the interest which a member of a firm has in
the partnership.

Now the interest being attachable " in the same manner as debts

[Roth's Appeal.]

due are made subject to execution," and the most comprehensive expression of the interest of a person in the estate of a decedent being "distributive share," it is evident that where the subject attached is described as debts, credits, effects, legacies, distributive shares of the debtor in the hands or possession of the garnishee as administrator or executor of the decedent, it is a sufficient description to indicate that whatever may be found to be due to the debt, or from the administration of the particular decedent, is the subject of the attachment.

There is no especial degree of certainty required in such writs if the object is fairly indicated so that the garnishee may know how to frame his answer and the court to make a decree.

The case is ruled by Straley's Appeal, and Neely v. Grantham, *supra*.

Mr. Justice TRUNKEY delivered the opinion of the court, May 3d 1880.

Section 10, Act of April 13th 1843, Pamph. L. 235, subjects all legacies given and lands devised to any person, and any interest which any person may have in real or personal estate of any decedent, by will or otherwise, in the hands or possession of the executor or administrator, or in whosesoever hands the same may be, except legacies and distributive shares due married women, to attachment and levy in satisfaction of any judgment in the same manner as debts due are made subject to execution by the twenty-second section of the Act of June 16th 1836, Pamph. L. 765. Said twenty-second section makes debts due to any defendant liable to execution like other goods and chattels. As debts cannot be taken in same mode as a house or leasehold, the thirty-fifth section declares, "the same may be attached and levied in satisfaction of the judgment in the manner allowed in the case of a foreign attachment." In the case of personal property, a foreign attachment is served by the officer going to the person in whose hands or possession the defendant's goods or effects are supposed to be, and then and there declaring, in the presence of one or more credible persons of the neighborhood, that he attaches the said goods or effects : Act June 13th 1836, sect. 48, Pamph. L. 580. The forty-ninth section directs how the writ shall be executed ; and the fiftieth, what the sheriff shall do after the service, in case of real estate. By Act of 1849, sect. 11, Pamph. L. 620, process in the nature of attachment may be issued at any time after the interest of the defendant in the real or personal estate shall have accrued by reason of the death of the decedent.

The statutes have not confounded legacies and devises, nor the respective interests of one in the realty and personality of an intestate, but have made each and all liable to attachment upon execution in satisfaction of a judgment. "Legacies given" and

"lands devised" are artistic phrases, meaning different things, and neither includes the other. And so an interest in the goods and chattels of an intestate, is quite different from an interest in his lands.

Immediately after the death of a decedent his heir takes the real estate in possession, and, as if he held by purchase, he may sell and convey, or encumber it, or his judgment-creditor may cause it to be seized in execution. The administrator of an intestate has no right of possession or custody of his lands. The possibility that the primary fund may be insufficient for payment of the decedent's debts, does not prevent possession and control of the land by the heir until adjudication and conversion by proceedings in the proper court. One who acquires the title of the heir stands in his place and holds subject to liability for debts of the intestate, if there be not enough personalty to pay them.

Here the præcipe directed an attachment of the moneys and interest of the defendant in the hands of the administrator, and the writ rightly followed the præcipe. Obeying his writ, the sheriff attached· "all the goods and chattels, debts, effects, credits, legacies, distributive shares of the defendant" in the hands, possession or custody of the administrator of Jacob Harwi, deceased. Upon the admitted facts the administrator was not in possession of the lands, and no service was made on the occupants. The personal estate of the decedent is more than sufficient for payment of his debts, but this fact matters little, if anything. On its face, the writ embraces nothing but the defendant's interest, or his distributive share, in the personal assets in the administrator's hands ; and the return of service shows no attachment of lands or interest therein. Clearly, the writ and service did not bind the defendant's interest in the real. estate, and it is unnecessary now to decide how the writ for such purpose should be executed. The record fails to show an attachment or levy on lands or interest therein, and consequently there is not a semblance of notice to subsequent purchasers or encumbrancers.

The decree of the court below seems to rest mainly on the authority of Straley's Appeal, 7 Wright 89, and Neely v. Grantham, 8 P. F. Smith 433. The former was not referred to in the latter, though at variance with the views of a majority of the court. In Neely v. Grantham, *supra*, two of the five judges dissented, holding that the writ, not having been served in the manner directed in a foreign attachment, did not create a lien ; and the present chief justice agreed in the judgment expressly on the ground that the interest of the defendant in the estate was personalty ; but if realty, the strong inclination of his mind was to unite with the dissenting judges. Therefore, that case cannot be regarded as ruling that the defendant's interest in the real estate of a decedent, is bound by an attachment of his interest only in the

[Roth's Appeal.]

personal estate; or that the real and personal estates are so blended in the statute, that words exclusively applicable to one include the other.

> Decree reversed, and it is now considered and decreed that the fund, $1549.32, be appropriated to the judgment in favor of Jeremiah Roth, trustee for Barbara Harwi, No. 269, February Term 1878. Costs to be paid by appellees.